IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| William Vidal,<br><br>    Plaintiff,<br><br>v.<br><br>Medallion Security Door and Window Company, Inc., and William M. Hughes, IV<br><br>    Defendants. | CIVIL ACTION NO. |

## COMPLAINT

Plaintiff William Vidal ("Mr. Vidal" or "Plaintiff"), by and through the undersigned counsel, brings this complaint for damages and other relief against Medallion Security Door and Window Company, Inc. ("Defendant Medallion") and William M. Hughes, IV ("Defendant Hughes") (hereafter Defendant Medallion and Defendant Hughes collectively as "Defendants").

### INTRODUCTION

1. This is a complaint for unpaid overtime wages, liquidated damages, costs, and attorney's fees under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, ("FLSA").

## PARTIES

2. Mr. Vidal is a resident of Henry County, Georgia.

3. Defendant Medallion is a domestic Georgia corporation.

4. Defendant Medallion's principal office address is 101 Kenwood Road, Suite 12, Fayetteville, Georgia 30214-3417.

5. Defendant Medallion may be served at its registered agent, C T Corporation System, located at 1201 Peachtree Street, NE, Atlanta, GA 30361.

6. Defendant Hughes is the CEO, CFO and Secretary of Defendant Medallion and is a resident of the state of Georgia.

7. Defendant Hughes may be served at Defendant Medallion's principal office address located at 101 Kenwood Road, Suite 12, Fayetteville, Georgia 30214-3417.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this case based on 28 U.S.C. § 1331.

9. Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1, venue is proper in the Atlanta Division of the United States District Court for the Northern District of Georgia because a substantial part of the events or omissions giving rise to

Plaintiff's claims, as described in this complaint, occurred within this Division and District.

10. In the three years prior to the filing of this complaint, Defendants have been and continues to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

11. In the three years prior to the filing of this complaint, Defendants have been and continue to be an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

12. Defendant Medallion had an annual gross volume of sales made or business done in excess of $500,000.00 in 2013.

13. Defendant Medallion had an annual gross volume of sales made or business done in excess of $500,000.00 in 2014.

14. Defendant Medallion had an annual gross volume of sales made or business done in excess of $500,000.00 in 2015.

15. Defendant Medallion will have an annual gross volume of sales made or business done in excess of $500,000.00 in 2016.

16. Defendants employed Plaintiff, who was engaged in interstate commerce.

17. Defendant Hughes is an officer of Defendant Medallion.

18. Defendant Medallion is an alter ego of Defendant Hughes.

19. Defendant Hughes is an employer within the meaning of the FLSA, 29 U.S.C. § 203 (d) as he acted directly or indirectly in his own interest as an employer in interactions with Plaintiff and in the interest of Plaintiff's employed by controlling the terms and conditions of employment of Plaintiff on a day-to-day basis, including but not limited to setting the working hours, conditions of employment, frequency and amount of Plaintiff's compensation, as well as making the decision to hire or fire Plaintiff.

## COUNT I OF I:
## FAILURE TO PAY OVERTIME WAGES

20. Mr. Vidal worked for Defendants from 1999 until or about March 14, 2015.

21. Mr. Vidal held the position of Welder.

22. Mr. Vidal frequently worked more than 40 hours per workweek.

23. Defendants never paid Mr. Vidal overtime wages.

24. Mr. Vidal did not supervise other employees.

25. Mr. Vidal did not have the authority to hire or fire other employees.

26. Mr. Vidal did not make recommendations to hire or fire other employees.

27. Mr. Vidal did not make significant decisions regarding the operation of Defendant Medallion.

28. Mr. Vidal did not handle human resources matters for Defendant Medallion.

29. Mr. Vidal generally carried out tasks assigned to him by Defendant Hughes.

30. Defendant Hughes closely monitored Mr. Vidal's work and controlled the manner in which he performed his work.

31. Mr. Vidal did not have the authority to make purchases on behalf of Defendant Medallion.

32. Mr. Vidal was a non-exempt employee under the FLSA.

33. Mr. Vidal seeks payment of his unpaid overtime wages, liquidated damages, costs, and attorney's fees.

34. Defendants, pursuant to its policies and practices, willfully refused and failed to pay Plaintiff the premium overtime rate for all hours worked in excess of 40 hours per workweek.

35. Defendants' failure to pay Plaintiff 1.5 times his regular rate for all hours worked in excess of 40 hours in a workweek was in violation of the FLSA.

36. Defendants lacked reasonable grounds for believing its pay practices comported with the requirements of the FLSA.

37. Defendants' conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

38. Plaintiffs seek damages in the amount of his unpaid overtime wages, liquidated damages as provided under the FLSA, and such other legal and equitable relief as the Court deems proper.

39. Plaintiffs also seek recovery of his attorney's fees and costs as provided by the FLSA.

## **PRAYER FOR RELIEF**

Based on the allegations set forth in this complaint and the evidence as it is developed in this case, Plaintiffs respectfully pray that:

a. the Court enter judgment in favor of Plaintiff as to the claim in this complaint;

b. the Court enter judgment against Defendants that their violations of the FLSA were willful;

c. the Court enter judgment in favor of Plaintiff and award him his unpaid overtime wages and liquidated damages in an equal amount as

provided for under the FLSA and such other legal and equitable relief as the Court deems proper;

d. the Court award Plaintiff his reasonable attorney's fees and costs; and

e. the Court grant Plaintiff further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated:  February 25, 2016

Respectfully submitted,

*/s/ Oscar E. Prioleau, Jr.*

**PRIOLEAU & MILFORT, LLC**  Oscar E. Prioleau, Jr.
271 17TH Street, Suite 520  Ga. Bar No. 588510
BB&T Tower – Atlantic Station  oprioleau@mindspring.com
Atlanta, GA 30363
Telephone:  (404) 526-9400
Facsimile:   (404) 880-9360
Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

*/s/ Oscar E. Prioleau, Jr.*
Oscar E. Prioleau, Jr.
Georgia Bar No. 588510